# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

**ROBERT DUANE SAVILLE, JR.,**                                   Case No. 2:19-bk-00939

    Debtor.                                                                          Chapter 7

**PATRIOT FEDERAL CREDIT UNION,**

    Movant,

vs.

**ROBERT DUANE SAVILLE, JR., Debtor,**                      LIFT STAY
**and AARON C. AMORE, Chapter 7 Trustee,**

    Respondents.

## AGREED ORDER LIFTING AUTOMATIC STAY

ON THIS DAY CAME Patriot Federal Credit Union (hereinafter "Creditor"), a secured and unsecured creditor of the Debtor, Robert Duane Saville, Jr., by counsel, Kathy M. Santa Barbara, Esquire, and also came the Debtor, Robert Duane Saville, Jr. (hereinafter "Debtor") by counsel, David J. Hinkle, Esquire, and also came Aaron C. Amore, Esquire, the Chapter 7 Trustee of the Debtor's Estate, at which time Creditor and Debtor advised the Court that among the assets of the Debtor's Estate is 2014 Nissan Xterra Pro-4X, VIN 5N1AN0NW2EN802011 (the "Vehicle"), which Vehicle serves as the collateral for a Retail Installment Sale Contract - Simple Finance Charge dated November 2, 2018 (the "Note") and made by the Debtor for the benefit of Shively Motors of Shippensburg and which was assigned to Creditor in the original principal sum of $23,987.05, bearing interest at the rate of 7.99% per annum and payable in 60 monthly installments of $374.99

commencing on December 17, 2018, and Note is secured by a security interest in the Vehicle which lien was perfected by notation of the lien on the Certificate of Title to the Vehicle on December 28, 2018, and on account of which Note there was owed to Creditor as of October 30, 2019, the petition date, the total sum Twenty-Three Thousand Five Hundred Seventy-Six and 45/100 Dollars ($23,576.45), which sum accrues interest at the daily rate of $4.9711 for each day after the petition date. The Debtor and the Trustee are of the opinion that no equity exists in the Vehicle for the benefit of general unsecured creditors of the Debtor and the Vehicle is not necessary for any reorganization of the Debtor, the said Debtor having indicated in his Statement of Intentions that he intended to surrender the Vehicle to Creditor. In consideration of the foregoing, and the Court finding that cause exists for the modification of the automatic stay, it is accordingly

**ORDERED** that the automatic stay of 11 U.S.C. Section 362(a) is hereby modified to permit Creditor to exercise its state law rights with respect to the Vehicle; and it is further

**ORDERED** that if a sale of the Vehicle is held and excess proceeds are derived, then such proceeds shall be deposited with the Chapter 7 Trustee; and it is further

**ORDERED** that Creditor shall have 90 days following the entry of this Order, or such longer time as may be established for the filing of proofs of claim in general, to file a deficiency claim in the Debtor's bankruptcy case; and it is further

**ORDERED** that no modification of this Order shall be effective unless a motion to modify is filed with the Clerk and approved by this Court; and it is further

**ORDERED** that the 14-day stay of this order provided by Fed. R. Bankr. P. 4001(a)(3) is waived.

IN RE:

ROBERT DUANE SAVILLE, JR.,                              Case No. 2:19-bk-00939

    Debtor.                                                          Chapter 7

**SUBMITTED BY:**

*/s/ Kathy M. Santa Barbara*
**Kathy M. Santa Barbara, WVSB No. 5960**
**Counsel for Patriot Federal Credit Union**

**AGREED TO:**

*/s/ David J. Hinkle*
**David J. Hinkle, WVSB No. 9272**
**Counsel for Debtor**

*/s/ Aaron C. Amore*
**Aaron C. Amore, WVSB No. 6455**
**Chapter 7 Trustee**